UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA STANLEY, On Behalf of Herself, All Others Similarly Situated and the General Public,<br><br>    Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC,<br><br>    Defendant. | Case No. 11cv862-IEG (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

On October 14, 2011, counsel for both parties contacted the Court regarding a discovery dispute, for which the Court set a briefing schedule. ECF No. 30. In accordance with the Court's Order, Defendant filed a motion to compel discovery on October 21, 2011. ECF No. 31. Plaintiff filed an opposition to the motion on October 28, 2011 and Defendant filed a reply on November 2, 2011. ECF Nos. 36 and 43.

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, Defendant's motion is **GRANTED** as follows.

## BACKGROUND

This class action arises from a dispute over Phillips' Colon Health Probiotic Caps ("PCH"). Plaintiff Diana Stanley purchased PCH on April 7, 2011 for $15.99. ECF No. 1. Plaintiff alleges that Defendant markets PCH by claiming that PCH's unique combination of

probiotic bacteria strains provides digestive benefits and improved immune health unavailable from other similar products. Id. at 4. Plaintiff asserts that this claim is false, misleading and likely to deceive the public. Id. at 2 and 4. Plaintiff alleges that she relied on Defendant's claims when she purchased PCH and "suffered injury in fact and lost money" as a result. Id. at 6. Plaintiff is suing for violations of the Consumer Legal Remedies Act, the Unfair Competition Law, breach of the express warranty, and unjust enrichment created by Defendant's advertising, including its labeling. Id. at 5-6 and 22.

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. Id.

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible

for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D.Cal.1995).

## DISCUSSION

Defendant seeks to have the Court compel Plaintiff to respond to its requests for production ("RFP") concerning Plaintiff's medical records and history (RFP No. 24), Plaintiff's retention agreement with her attorneys in this matter (RFP No. 14), and an unredacted copy of her receipt from the day Plaintiff purchased PCH (RFP No. 1). ECF No. 35-1 at 10. Additionally, Defendant would like for the Court to order Plaintiff to answer deposition questions regarding her medical history, conditions and treatment. Id.

Plaintiff objects to all of Defendant's requests on various grounds including that the requests are overbroad, unrelated to the claims at issue, seek documents that are private, confidential and privileged, and are not reasonably calculated to lead to the discovery of admissible evidence. ECF No. 41 at 4, 8 and 10.

### A.    Request for Production No. 24 and Related Deposition Questions

Defendant seeks to have the Court order Plaintiff to (a) produce documents responsive to Bayer's RFP No. 24, and (b) answer deposition questions related to her medical history and discussions with physicians about probiotics. ECF No. 35-1 at 7. RFP No. 24, asks Plaintiff for "All of your medical records from 2007 to the present, including but not limited to those reflecting or relating to your colon, digestive, or immune system; constipation; diarrhea; gas; bloating; or diverticulitis." Id. at 4. Defendant argues that it is entitled to this information because Plaintiff has put her "medical condition directly at issue" and because Plaintiff is challenging "the effectiveness of PCH in providing health benefits to her, and alleges that rather than receiving those benefits, she suffered "injury in fact" by purchasing and using the product." Id. at 5-6.

Plaintiff responds by arguing that the requests for her medical records are

"overbroad, seek medical records unrelated to the claims at issue, and seek records that are private and confidential." ECF No. 41 at 4. Plaintiff further argues that she has not placed her medical history at issue in this matter because she has not alleged any physical injury. Id. Finally, Plaintiff asks that if the Court does find that the medical records are discoverable, limits be placed to narrow the scope of the medical records that Defendant would be entitled to, and that a protective order be put into place with respect to Plaintiff's medical records and history. Id. at 7-8.

The parties have not directed the Court to a factually similar case in this Circuit, and this Court has found none[1]. Defendant cites to cases that concern the compelling of medical records; however, those cases are dealing with causes of action other than the Consumer Legal Remedies Act, Unfair Competition Law, breach of the express warranty, and unjust enrichment. ECF No. 35-1 at 4-7. Plaintiff's cases also fail to address discovery in the context of the relevant causes of action. ECF No. 41 at 4-7. Additionally, many of the cases Plaintiff cites are not from the Ninth Circuit. Id. After considering all of the briefing and supporting documents submitted by the parties, the Court finds that Plaintiff's medical records are relevant to the subject matter involved in the action. FED. R. Civ. P. (b)(1). Because Plaintiff alleges that PCH is not effective and did not provide Plaintiff with the represented or advertised health and digestive benefits, Plaintiff's medical records are relevant to Defendant's contention that an alternative explanation exists for PCH's alleged failure to provide health benefits to Plaintiff. However, Defendant's request for all medical records is overbroad as it potentially includes sensitive medical information unrelated to the medical symptoms at issue in this case.

---

[1] Defendant does cite to Weiss v. AstraZeneca Pharm., No. B215901, 2010 WL 3387220, (Cal. Ct. App. Aug. 30, 2010) in its reply which has facts similar to this case. ECF No. 45 at 2-3. In Weiss, plaintiffs sued defendant for violations of the Unfair Competition Law, the False Advertising Law, and the Consumer Legal Remedies Act and for unjust enrichment in conjunction with the alleged deceptive marketing of defendant's prescription drug. Id. at *1. Plaintiffs did not allege that they suffered any adverse effects from the drug, just that the deceptive marketing caused them to purchase the drug at a higher price than a less expensive and equally effective alternative drug. Id. The case did not concern a motion to compel; however in resolving the class certification and summary judgment motions at issue in the case, the court considered the plaintiffs' medical conditions and histories and testimony from their physicians. Id. at 14-20. Although Weiss is not binding on this Court because it is an unpublished California state court case, it is further support for the conclusion that a plaintiff's medical background can be at issue in a deceptive marketing case even if no adverse physical effects from the product at issue are alleged.

Accordingly, Plaintiff is ordered to produce to Defendant all medical records from 2007 to the present reflecting or relating to gastrointestinal health, including consultation or treatment of problems related to the colon, digestive system or immune system, including symptoms such as constipation, diarrhea, gas, bloating or diverticulitis. Plaintiff also must produce all medical records from 2007 to the present that reflect Plaintiff's questions about probiotics or a medical provider's response to such questions or inquiries or other information or advice provided to Plaintiff regarding probiotics. All of Plaintiff's medical records will be protected by the Protective Order previously filed in this matter. ECF No. 28.

For the same reasons, Defendant's request to re-depose Plaintiff on her medical history as it relates to the symptoms and conditions at issue in this case and her discussions with medical personnel about probiotics is **GRANTED**. Plaintiff's follow-up deposition must occur on or before **December 9, 2011**.

**B.     Request for Production No. 14**

Defendant seeks to have the Court compel Plaintiff to produce documents responsive to RFP No. 14. ECF No. 35-1 at 7. RFP 14 requests:

> All documents evidencing the contract for performance of attorney services in prosecution of this action, including all letters of representation, fee agreements, written contracts, and other documents describing your role as a proposed class representative, the role of your legal counsel, and the financial terms of the relationship between you and your counsel in regard to this action, as well as copies of any legal advertisement, solicitation for participation in this litigation or written offer of legal representation that you received or saw before filing your Complaint.

Id. at 7.

In support of its position, Defendant argues that attorney retention or fee agreements are not privileged and that the agreement is relevant in this case to assess Plaintiff's "fitness to serve as a class representative" and "Plaintiff's law firm's fitness to serve as class counsel." Id. at 8. Defendant further argues that if Plaintiff's agreement does contain privileged information as alleged, the agreement should be submitted to "the Court for *in camera* review so that it can determine whether there are any portions of the agreement that reveal privileged information and, if so, order that such sections be

redacted before production." ECF No. 45 at 7.

Plaintiff objects to Defendant's request on the grounds that her agreement with her attorneys is privileged, the request is overbroad and unduly burdensome, and it is not likely to lead to the discovery of admissible evidence. ECF No. 41 at 8. Plaintiff claims that Defendant misapplies the law and that while Plaintiff has never objected to revealing the names of her attorneys or whether or not she has tendered fees to her attorneys, the retainer agreement between her and her attorneys does contain privileged information and, therefore, should not be disclosed to Defendant. Id. at 8-10.

"The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine." Hoot Winc, LLC v. RSM McGaldrey Fin. Process Outsourcing, LLC, 2009 WL 3857425 (S.D. Cal. Nov. 16, 2009) (citing Ralls v. United States, 52 F.3d 223, 225 (1995); United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995); and In re Michaelson, 882 F.2d 882 (9th Cir. 1975)); see also Carrizosa v. Stassinos, 2006 WL 2529503, *3 (N.D.Cal., Aug. 31, 2006) (stating that under Ninth Circuit law, fee agreements generally fall outside the scope of the attorney-client privilege). "Communications between attorney and client that concern the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." Paul v. Winco Holdings, Inc., 249 F.R.D. 643, 654 (D.Idaho, Feb. 27, 2008)(quoting Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992)). However, "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." Id.

While it is clear that retainer agreements are not typically protected by attorney-client privilege, here Plaintiff claims that "revealing the contents of her retainer agreement with her attorneys would in fact reveal privileged communications between" herself and her attorneys, "including information pertaining to the scope and nature of the representation."

ECF No. 41 at 10.  In order to resolve this issue and determine if Plaintiff's retainer agreement contains information that is protected by the attorney-client privilege, this Court ordered Plaintiff to submit an unredacted copy of the retainer agreement to chambers for *in camera* review.  ECF No.48.

After conducting an *in camera* review of the retainer agreement, as well as careful consideration of the briefing and exhibits provided by the parties, this Court finds that the agreement does not contain any information that is entitled to the protections of attorney-client privilege.  Plaintiff's refusal to produce the agreement on this ground is incorrect. ECF Nos. 35-3 at 135, Exhibit I and 41 at 8.  Therefore, Defendant's request that the Court compel Plaintiff to produce the retainer agreement in response to RFP 14 is **GRANTED**.

## C.     Request for Production No. 1.

Defendant's RFP No. 1 seeks "All documents and things reflecting or relating to every purchase of any Phillips' Colon Health products by you or anyone acting on your behalf made between 2008 and the present, including but not limited to receipts of such purchase(s)."  ECF No. 35-1 at 9.  In response, Defendant received one Ralphs grocery store receipt from Plaintiff that had every purchase redacted with the exception of PCH. Id.  When Defendant requested that Plaintiff produce an unredacted copy of the receipt, Plaintiff refused.  Id.  Defendant now seeks to have the Court compel Plaintiff to produce an unredacted version of the receipt.  Id. at 10.  Plaintiff's position is that Defendant is not entitled to an unredacted copy of the receipt because Plaintiff's "other purchases are not likely to lead to the discovery of admissible evidence."  ECF No. 41 at 10.

On November 1, 2011, the Court ordered Plaintiff to provide the Court with an unredacted copy of the receipt at issue for *in camera* review.  ECF No. 42.  Plaintiff submitted the receipt on November 2, 2011.  After conducting an *in camera* review of the receipt, as well as careful consideration of the briefing and exhibits provided by the parties, this Court finds that the receipt does not contain any sensitive information.  In addition, given Plaintiff's deposition testimony, the Court finds that the receipt does contain relevant information. ECF No. 35-3 at 38, Exhibit B.  Therefore, Defendant's request that the Court

compel Plaintiff to provide Defendant with an unredacted copy of the receipt is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Defendant's motion to compel discovery responses from Plaintiff is **GRANTED**. Plaintiff is ordered to respond to Defendant's Requests for Production Nos. 24 and 14 and to produce and unredacted copy of the Ralphs receipt to Defendant by **November 30, 2011**. The follow-up deposition of Plaintiff must occur on or before **December 9, 2011**.

**IT IS SO ORDERED**.

DATED:  November 16, 2011

_____
BARBARA L. MAJOR
United States Magistrate Judge